*645 MEMORANDUM **
The parties are familiar with the facts of this case, and we do not repeat them here. Plaintiff Jay Morgan (Morgan) brought this action against defendant American Family Mutual Insurance Company (American Family) seeking a declaration that the named-insured exclusion in an umbrella liability insurance policy (the Policy) is invalid. The exclusion denies recovery for injuries to parties insured under the Policy. The district court, following our decision in State Farm Mutual Automobile Insurance Co. v. Falness, 39 F.3d 966, 968 (9th Cir.1994), found that the exclusion runs afoul of Arizona’s doctrine of reasonable expectations, and American Family now appeals. We affirm.
Although named-insured exclusions are not facially invalid under Arizona law, they may be ruled invalid if “the exclusion falls outside the reasonable expectations of the insureds.” State Farm Mut. Auto. Ins. Co. v. Falness, 178 Ariz. 281, 872 P.2d 1233, 1234 (1994). Applying Arizona’s doctrine of reasonable expectations, we have held that a nearly identical named-insured provision was invalid under substantially similar circumstances. See State Farm Mut. Auto. Ins. Co. v. Falness, 39 F.3d 966, 968 (9th Cir.1994). Here, as was the case in Fatness, Morgan’s parents could not offer evidence of their expectations when they signed the Policy because they are deceased or incapacitated.
Thus, the court especially looks to “the form and clarity of the policy based on what a reasonable person purchasing the policy would understand and expect.” Id. For example, where, as is the case here, one section would lead a reasonably intelligent person to conclude that he is covered under the policy, but another section inconspicuously eviscerates that coverage, the section limiting the coverage is invalid. Id. Like the policy in Fatness, the Policy in this case provided in one section that it would pay compensatory damages “for which an insured becomes legally liable for injury” and, less conspicuously in another section, that it does not cover any injury to the named insured. The named-insured exclusion in this case therefore suffers from the same infirmities as the exclusion in Fatness. Because this case is not meaningfully distinguishable from Fatness, the named-insured exclusion in the Policy is invalid.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.